UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORGE FLOWERS,

          Plaintiff,

    v.                                    Case No. 24-C-393

BURGER BOAT,

          Defendant.

**SCREENING ORDER**

On April 1, 2024, Plaintiff George Flowers, who is currently representing himself, filed this action against Defendant Burger Boat. Plaintiff has also filed a motion for leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. An indigent plaintiff may commence a federal court action, without paying the required costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff has filed an affidavit of indigence and, upon review of that affidavit, it appears Plaintiff could not afford the fee. Thus, Plaintiff's motion for leave to proceed without prepayment of the filing fee is granted.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, the court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8. The Supreme

Court has held that, for most cases, a plaintiff must offer something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, before the doors to expensive and time-consuming discovery will be opened. But the pleading standard announced by the Court in *Iqbal* and *Twombly* does not appear applicable in employment discrimination cases, especially in cases where the plaintiff proceeds *pro se*. Notwithstanding *Twombly* and *Iqbal*, "the Seventh Circuit has held that a formulaic recitation of the elements of an employment discrimination claim *will* do." *McKay v. City of Chicago*, No. 14-C-10446, 2017 WL 11567310, at *2 (N.D. Ill. May 23, 2017) (citing *Tomayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013)).

Regardless of which pleading standard applies, to state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Plaintiff's complaint alleging employment discrimination, Plaintiff checks boxes indicating that this action is brought pursuant to "Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin)" and "Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634." Compl. at 3, Dkt. No. 1. He also checked boxes indicating that Defendant discriminated against him based on his "race," "color," "gender/sex," "religion," and "age," but he does not state what his race, color, gender/sex, religion, and age are. *Id.* at 4. Plaintiff alleges that the discriminatory conduct complained of is the termination of his employment and harassment, which occurred in December 2022. *Id.* He asserts that he filed a charge with the Equal Employment Opportunity Commission at "the end of 2022 to the beginning of 2023" but did not attach a copy of the charge to his complaint. *Id.* at 5. Plaintiff's complaint contains no

other allegations and thus does not include "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8. It does not allow Defendant or the court to understand what Defendant is alleged to have done or when, where, and what injury or damage its actions allegedly caused Plaintiff. Indeed, the essential function of a complaint is to provide such notice. *See* Fed. R. Civ. P. 8(a).

The court finds that the complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2) and will dismiss the complaint submitted on April 1, 2024. If Plaintiff wishes to proceed, he must file an amended complaint by **May 6, 2024** that clearly sets forth the who, what, when, and where of what he alleges occurred. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint or exhibits. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint submitted on April 1, 2024, is **DISMISSED**. Plaintiff may file an amended complaint that complies with the requirements of

Rule 8 of the Federal Rules of Civil Procedure on or before **May 6, 2024**. If Plaintiff fails to do so, the action will be dismissed.

The Clerk's Office is directed to mail Plaintiff a blank non-prisoner amended complaint form and a copy of the guides entitled "GUIDE TO FILING NON-PRISONER COMPLAINTS WITHOUT A LAWYER IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN" and "ANSWERS TO PRO SE LITIGANTS' COMMON QUESTIONS," along with this order.

Dated at Green Bay, Wisconsin this 5th day of April, 2024.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge